```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                   INDIANAPOLIS DIVISION


JOSEPH MORDEN,                    )
                                  )
          Plaintiff,              )
     vs.                          ) NO. 1:13-cv-01926-RLY-MJD
                                  )
CITIMORTGAGE, INC.,               )
                                  )
          Defendant.              )
```

**MINUTE ENTRY FOR JANUARY 17, 2014
INITIAL PRETRIAL CONFERENCE
HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

The parties appeared by counsel for an Initial Pretrial Conference.  A discussion was held regarding the parties proposed Case Management Plan.  The partes agreed on some dates, which the Court will enter below.  The Court will propose dates for the remainder of the plan which will be discussed at the next status conference. The parties agreed to the Court's proposed claw back agreement. In addition, the parties shall submit an electronic discovery protocol, including the format in which electronically stored information will be produced as proposed amendment to section III.K of the parties Case Management Plan, on or before February 6, 2014.

Agreed dates:

    **I.  Pretrial Pleadings and Disclosures**

    A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 28, 2014**.

> The parties are instructed to email Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **March 7, 2014.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 6, 2014**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **May 6, 2014**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

Court's proposed dates:

I. **<u>Pretrial Pleadings and Disclosures</u>**

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness to be offered in support of the motion for class certification, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 16, 2014**. Defendant(s) shall disclose the name, address, and vita of any expert witness to be offered in opposition to the motion for class certification, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 16, 2014**. Plaintiff(s) shall disclose the name, address, and vita of any expert witness to be offered with regard to any liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 29, 2014**. Defendant(s) shall disclose the name, address, and vita of any expert witness to be offered with regard to any liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 29, 2014**. Plaintiff(s) shall disclose the name, address, and vita of any expert witness to be offered with regard to any damages issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 30, 2015**. Defendant(s) shall disclose the name, address, and vita of any expert witness to be offered with regard to any damages issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 2, 2015**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior

       to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **April 27, 2015**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.  Any party who wishes to preclude expert witness testimony at the class certification stage shall file any such objections with their responsive brief within the briefing schedule established herein.

I.    All parties shall file and serve their final witness and exhibit lists on or before **March 2, 2015**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The

        unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

L.    Plaintiff may file a supplemental brief in support of Plaintiff's motion for class certification [Dkt. 6] on or before **April 22, 2014**.  Defendant shall file a response to the motion for class certification on or before **May 23, 2014**.  Plaintiff shall file any reply in support of the motion for class certification on or before **June 9, 2014**.  However, if the motion for class certification is refiled after March 1, 2014 and before April 1, 2014, then Plaintiff may file a supplemental brief in support of the motion for class certification on or before **July 18, 2014**, Defendant may file a response to the motion for class certification on or before **August 15, 2014** and Plaintiff may file a reply in support of the motion for class certification on or before **August 29, 2014**.

## II.    Discovery and Dispositive Motions

A.    On or before **November 21, 2014**, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

B.    Dispositive motions are expected and shall be filed by **December 19, 2014**; discovery relating to liability issues, including liability expert discovery, shall be completed by **November 7, 2014**; discovery relating to damages, including damages expert discovery, shall be completed by **April 17, 2015**.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## III. <u>Trial Date</u>

The parties request a trial date in **August 2015**.  The trial is by jury and is anticipated to take **five days**.

This matter is scheduled for a telephonic status conference

on **Tuesday, February 11, 2014 at 4:00 p.m.** to discuss the Court's proposed dates as outlined above. Counsel shall attend the status conference by calling the designated phone number, to be provided by the Court via email generated by the Court's ECF system.

Dated: 01/22/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Debra Bogo-Ernst
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606

Alexander H. Burke
BURKE LAW OFFICES, LLC
aburke@burkelawllc.com

Hans J. Germann
MAYER BROWN LLP
hgermann@mayerbrown.com

Lucia Nale
MAYER BROWN LLP
lnale@mayerbrown.com

Mary B. Reiten
Terrell Marshall Daudt & Willie
mreiten@tmdwlaw.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Beth E. Terrell
TERRELL MARSHALL DAUDT & WILLIE PLLC
bterrell@tmdwlaw.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
vallea@gshllp.com